# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JONATHAN DANIELS,

    Plaintiff,

v.                                               CASE NO. 5:19-cv-649-Oc-02PRL

MARK INCH, SECRETARY,
DEPARTMENT OF CORRECIONS,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Jonathan Daniels' civil rights complaint (Dkt. 1). He is a Florida state prisoner housed at Sumter Correctional Institution. The only named Defendant is the Secretary of the Florida Department of Corrections ("DOC"). After careful consideration of the allegations of the complaint, the applicable law, and the entire file, the Court concludes the case should be dismissed.

## SECTION 1915A

Under 28 U.S.C. § 1915A, a district court must screen prisoner's civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek monetary relief from a defendant who is immune from such relief.

In pertinent part, § 1915A provides:

>   (a)   Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity.
>
>   (b)   Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>       (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>       (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

The filtering procedure required by § 1915A should be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim under § 1915A are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The *Twombly-Iqbal* plausibility standard therefore applies. *See Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. v. Twombly*, 550 U.S.

544 (2007)). Because the DOC is a governmental entity, the complaint is subject to review pursuant to § 1915A.

## SECTION 1983

Plaintiff alleges that his claims against the DOC arise under Title 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To sufficiently plead a § 1983 claim, a plaintiff must allege the following two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id*. Therefore, a plaintiff must show the defendant acted under color of law or otherwise undertook some state action that led to violation of the plaintiff's rights. *Id*.

## ALLEGATIONS IN THE COMPLAINT

The civil rights complaint form completed by Mr. Daniels broadly challenges the prison procedure of strip searches. Dkt. 1. In his complaint and accompanying motion for injunctive relief, he alleges his right to bodily privacy, as established in *Boxer v. Harris*, 437 F.3d 1107 (11th Cir. 2006), has been violated because "a homosexual male officer forcing a male inmate to expose his genitals and anus, then forced to bend over in a homosexually provocative position far

exceeds and is more damaging than a female officer viewing him." Dkt. 2 at 2; *see also* Dkt. 1 at 9. He invokes several constitutional amendments. He takes issue with regulation 33-602.204 of the Florida Administrative Code because it disallows officers of the opposite sex to conduct strip searches.[1]

    Having been subjected to these searches "hundreds of times since his incarceration," he finds the search "degrading and humiliating." He claims he suffers damage to his "masculine psyche" because he imagines what the officers are thinking as they conduct the visual searches. Dkt. 1 at 5, 9; Dkt. 2 at 3. Missing from his assertions are any additional facts to suggest an officer has ridiculed him or gone beyond the boundaries of the search. He seeks only nominal damages and an injunction to stop "homosexual and bisexual" officers from conducting the searches. Dkt. 1 at 6, 10. He contends correctional officers should be pre-screened for their sexual preferences. Dkt. 2 at 4. In the grievance he attaches, he clearly states he wants DOC to reevaluate the strip search policy as unnecessary and morally degrading. Dkt. 2 at 5, 7.

---

[1] Subsection (2)(a) of regulation 33.602.204 provides that "[s]trip searches of inmates shall be conducted only by Correctional Officers who shall be of the same sex as the inmate, except in emergency circumstances."

## OTHER CONSIDERATIONS

This is not Mr. Daniels first case in this district. *See* Dkt. 11 (listing five prior civil actions in federal court).[2] Notably, at least one of the suits contested the general practice in a Florida prison of discontinuing the use of disposable razors and implementing the use of electric hair clippers on each inmate. *See Daniels v. Warden, Columbia Corr. Inst.,* No. 3:13-cv-1131-J-32PDB. Specifically, he complained the practice subjected him "to infectious and deadly communicable disease." *Id*. at Dkt. 38 (citation omitted). His request for a temporary restraining order was denied, and the parties dismissed the action with prejudice. *Id*. at Dkts. 38, 57.

Another prior case was a § 1983 case brought against a physician and others for acting with deliberate indifference to his serious medical need. *See Daniels v. Kleinhans*, No. 3:14-cv-1430-J-25MCR. The district court dismissed the case as frivolous, but the dismissal was without prejudice to filing a state court negligence or malpractice claim. *Id*. at Dkt. 6. Against this backdrop, the Court explains why this case is frivolous and any attempt to amend would be futile.

---

[2] The United States Magistrate Judge listed these cases in a show cause order. Dkt. 11. Mr. Daniels "acknowledge[d] his error and pleads for leniency." Dkt. 12.

# DISCUSSION[3]

The gravamen of Plaintiff's contention is his right of privacy in the context of strip searches has been violated. The *Boxer* court held that an inmate possessed a right of privacy such that a female officer could not force him to engage in self-pleasure. 437 F.3d at 1111. In this year's *Sconiers v. FNU Lockhart*, the Eleventh Circuit abrogated *Boxer* to the extent *Boxer* did not also recognize such an act violates contemporary standards of decency protected by the Eighth Amendment. *Id.*, 946 F.3d 1256, 1259 (11th Cir. 2020) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). Thus, in addition to the right of privacy, there exists the right to be free from cruel and unusual punishment in the context of malicious and sadistic actions with no "legitimate penological purpose" and which violate contemporary standards of decency. *Id.*

Mr. Daniels' case, however, does not fall within any of the circumstances covered by the right to privacy or the Eighth Amendment's right to be free from cruel and unusual punishment. He was not touched any way, nor caused to commit any act for the entertainment or pleasure of a corrections officer. He was not singled out or retaliated against by way of any visual strip search. Nothing indicates the searches have been performed with the intent to degrade or humiliate.

---

[3] Plaintiff's complaint does not ask for compensatory or punitive damages but rather seeks injunctive relief. Eleventh Amendment immunity, therefore, is not a bar to this action. *See Leonard v. Dep't of Corrs.*, 232 F. App'x 892, 894 (11th Cir. 2007).

Strip searches in general are reasonably related to legitimate penological interests. *See Harmon v. Williams*, No. 6:18-cv-83, 2020 WL 603884, at *2 (S.D. Ga. Jan. 17, 2020) (finding claim that strip search upon arrival at a state prison violated constitutional rights, did not state claim for relief), *adopted by*, 2020 WL 603946 (S.D. Ga. Feb. 7, 2020). "A regulation impinging on an inmate's constitutional rights must be upheld 'if it is reasonably related to legitimate penological interests.'" *Florence v. Bd. of Chosen Freeholders of the Cty. of Burlington*, 566 U.S. 318, 326 (2012) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).[4] Plaintiff has alleged no facts that would or could establish that strip searches without more are not reasonably related to the legitimate penological interest of maintaining a secure prison.

A plaintiff, even an inmate, need not be given another opportunity to amend if the amendment would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).[5] An amendment is futile if the complaint would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Id.* (citation omitted). The facts as alleged in the complaint, taken in the light most favorable to Plaintiff, do not establish a constitutional violation, nor do they satisfy

---

[4] See also *Brazill v. Miners*, No. 8:14-cv-3131-T-27JSS, 2017 WL 679710, at *5 (M.D. Fla. Dec. 29, 2017) (citing *Turner* and finding rational connection between policy requiring cell doors to be locked open and prison's interest in security and efficiency; prisoner failed to establish constitutional violation with respect to his privacy right regarding exposure of genitals).

[5] *See also Newton v. Self*, No.5:15-cv-222-MW-GRJ, 2015 WL 5821443, at *4 (N.D. Fla. Aug. 31, 2015), *adopted by*, 2015 WL 5769248 (N.D. Fla. Sept. 30, 2015).

any of the four factors necessary for injunctive relief. *See Washington v. Jones*, No. 3:18-cv-1333-LC-CJK, 2019 WL 920228, at *4 (N.D. Fla. Feb. 13, 2019) (citing *Schiavo ex rel. v. Schiavo*, 403 F.3d 1225–26 (11th Cir. 2005) and finding inmate's motion for injunctive relief in § 1983 action did not meet the four elements), *adopted by*, 2019 WL 919589 (Feb. 25, 2019). Accordingly, this dismissal, although without prejudice, is nonetheless frivolous and shall operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

It is therefore **ORDERED AND ADJUDGED** that the complaint (Dkt. 1) is dismissed. Plaintiff's motion for preliminary injunction (Dkt. 2) to stop the alleged constitutional violations is denied. Plaintiff's emergency motion to preserve security camera footage (Dkt. 6) is also denied.[6] The Clerk is directed to close the case.

**DONE AND ORDERED** at Ocala, Florida, on February 25, 2020.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Jonathan Daniels, *pro se*

---

[6] The DOC was ordered to file a limited response before service was effected. Dkt. 9. The response confirms that no video or audio is captured in the particular requested area of the correctional institution. Dkt. 15 at 3; Dkt. 15-1. Even if evidence had existed, the routine erasure of institutional footage occurs thirty days from the date of the requested event, which was December 17, 2019. *Id*.