# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JONATHAN M. DANIELS,

    Plaintiff,

v.                                      CASE NO. 5:19-cv-649-Oc-02PRL

MARK S. INCH, SECRETARY,
DEPARTMENT OF CORRECTIONS,

    Defendant.
_____/

## **ORDER**

    Before the Court is Plaintiff's motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. 19). The order sought to be altered dismisses his civil rights complaint and closes the case. Dkt. 16. The motion to amend is timely filed. Also before the Court is a motion for recusal (Dkt. 20).

### *Rule 59(e) Motion*

    Two grounds justify reconsideration: "newly discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.

2007) (citation omitted)).[1] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted). Based on this standard, Plaintiff is not entitled to relief under Rule 59(e). He has not demonstrated this Court's February 25, 2020 decision (Dkt. 16) amounted to manifest errors of law or fact.

The complaint alleges Plaintiff's civil rights as a heterosexual male, and the civil rights of all heterosexual male inmates, have been and continue to be violated every time a homosexual or bisexual male correctional officer performs an inmate search. He asserts rule 33-602.204 of the Florida Administrative Code, which requires strip searches of inmates be conducted by correctional officers of the same sex, must be changed to avoid a constitutional violation.[2] Plaintiff takes issue with the Court's failure to grasp the basis of his claim or mention equal protection in the challenged order. He also argues that his claim encompasses a "new constitutional ground," *see Boxer v. Harris*, 437 F.3d 1107, 1110 n.2 (11th Cir. 2006), incapable of being dismissed as frivolous under the screening provision of 28 U.S.C. § 1915.

---

[11] A third ground for relief under Rule 59(e), which is not present here, is an intervening change in controlling law. *Garcia v. Austin*, No. 2:11-cv-56-FtM-29DNF, 2012 WL 3941777, at *10 (M.D. Fla. Sept. 10, 2012).

[2] The only searches addressed in the allegations, and therefore in the order at issue (Dkt. 16), are visual strip searches.

The Court did not overlook equal protection of the laws or any alleged "new" constitutional ground, nor misconstrue the basis of the complaint. The subject order states Plaintiff "invokes several constitutional amendments." Dkt. 16 at 4. This includes Plaintiff's reference in his complaint to equal protection under the Fourteenth Amendment. Dkt. 1 at 4. To the extent the prior order may not expressly use the term "equal protection," it will be dealt with now.

To assert a claim under the equal protection clause, Plaintiff must allege he is similarly situated with other prisoners who received more favorable treatment and the discriminatory treatment was based on a constitutionally protected interest such as race, national origin, or religion. *See Jackson v. Brewton*, 595 F. App'x 939, 943 (11th Cir 2014) (citations omitted). Plaintiff here alleges to the contrary --- he and all the inmates were treated the same. No one received special treatment. Equal protection does not create a new constitutional attack for purposes of inmate searches in Florida's prison system.

## *Recusal*

The standard for recusal under 28 U.S.C. § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225

F.3d 1234, 1239 (11th Cir. 2000) (quotation and citation omitted).  To satisfy the requirements of § 455(a) a party must offer facts, not merely allegations, that evidence partiality.  *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) ("[a] charge of partiality must be supported by some factual basis . . . recusal cannot be based on 'unsupported, irrational or highly tenuous speculation'") (citation omitted).  A party should not be permitted to recuse a judge on unsupported, irrational or highly tenuous speculation.  *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[I]f this occurred the price of maintaining the purity of the appearance of justice would be the power of the litigants or third parties to exercise a veto over the assignment of judges.").

Plaintiff seeks recusal because he believes the undersigned has "personal bias" based on "trying to make the reader think [Plaintiff has] a history of frivolous complaints" and declaring his complaint frivolous thereby barring appellate review.  Dkt. 20.  Plaintiff's reasons are based on conjecture, speculation, and his subjective disagreement with the Court's legal conclusions, rather than any facts evidencing impartiality by the undersigned.  Disagreement with the Court's legal conclusions is not a basis for recusal.  Because the motion fails to state sufficient grounds for recusal or demonstrate that any reasonable individual could entertain significant doubt about the impartiality of the undersigned, recusal is denied.

It is therefore **ORDERED AND ADJUDGED**:

4

1) Plaintiff's motion to alter or amend (Dkt. 19) is granted to the extent equal protection was not addressed in the prior order. The motion is otherwise denied.

2) Plaintiff's motion for recusal (Dkt. 20) is denied.

**DONE AND ORDERED** in Tampa, Florida, on March 31, 2020.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record and Plaintiff, *pro se*